## TROY v FRAZER

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5569. Decided Feb. 20, 1939

Julius R. Samuels, Cincinnati, and E. P. Drury, for appellee.

Ratterman, Cowell & Fletcher, Cincinnati, and I. J. Horwitz, for appellant.

**OPINION**

By HAMILTON, PJ.

Appeal on questions of law from the Municipal Court of Cincinnati, Ohio.

The only question presented is the claim of error on the part of the Municipal Court in overruling the motion

for a new trial and entering judgment for plaintiff.

The grounds of the motion for a new trial were based on the claim of abuse of discretion in refusing the defendant a continuance on account of her illness and permitting the case to go to trial and judgment in her absence.

It appears from the record that on the day the case was first called for trial, the court continued the case until the next day to give counsel an opportunity to present a doctor's certificate. When the doctor's certificate was duly presented, the court continued the case for a week. Again, the defendant claimed illness and asked for another continuance, presenting a doctor's certificate to the effect that the defendant "is under my care and not able to be out of the house, and will have to stay in bed for some time to come". Her trouble was varicose veins. Her attorney was present in court at the trial and cross-examined plaintiff's witnesses. Defendant's son was in court, but left without testifying. It was shown that the son was present when the transaction out of which the suit arose took place and knew all about the matter.

The suit was upon two notes or due bills for $50.00 each given by defendant to plaintiff as part of the purchase price of a restaurant. Two payments were made and credited on the notes in the amount of $30.00, leaving the sum of $70.00 due, and for which judgment was given.

Judges might differ as to the propriety of refusing a third continuance under the circumstances, but that would not justify the conclusion that the trial court abused its discretion in so doing. Counsel for defendant, although in court, and having cross-examined plaintiff's witnesses did not suggest any defense she might have or any evidence that defendant might give if present. She had a witness, the son of defendant, who left during the trial.

The majority of the court is of opinion that the record fails to show such an abuse of discretion as requires a reversal of the judgment.

The judgment is affirmed.

MATTHEWS, J., concurs.

ROSS, J., dissents.

ROSS J., (Dissenting):

It appears that the defendant was seriously ill at the time her counsel was forced into the trial of the case, and that she had a valid defense. The excuse for the action of the court is based upon the fact that her son was cognizant of the facts upon which she relied for defense. She was entitled to her day in court. She was unable to be present because of illness, certified to by physicians. Her case was forced to trial. Such action, in my opinion, constitutes such an abuse of judicial discretion as to demand a remand of the case for fair trial.